**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| AMAZON.COM, INC.,<br><br>*Plaintiff*,<br><br>v.<br><br>CONSUMER PRODUCT SAFETY COMMISSION, *et al.*,<br><br>*Defendants*. | Civil Action No. 8:25-cv-00853-LKG |

**NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiff Amazon.com, Inc. (Amazon) respectfully submits this Notice of Supplemental Authority regarding the parties' pending cross-motions for summary judgment. *See* ECF Nos. 22, 24. Attached as **Exhibit 1** is the U.S. Consumer Product Safety Commission's Order Vacating Initial Decision, Dismissing Complaint and Returning Case to Adjudication to Close the Case in *Leachco, Inc.*, CPSC Docket No. 22-1 (Mar. 16, 2026).[1] The Commission's decision in *Leachco* bolsters Amazon's argument that the Final Order is arbitrary and capricious. *Leachco* lays bare the Commission's inconsistent reasoning on key issues, including the significance of the time since the products were last sold, speculation about secondary purchasers, and the value of repeated notice. *See Burlington N. & Santa Fe Ry. Co. v. Surface Transp. Bd.*, 403 F.3d 771, 777 (D.C. Cir. 2005) ("Where an agency applies different standards to similarly situated entities and fails to support this disparate treatment with a reasoned explanation and substantial evidence in the record, its action is arbitrary and capricious and cannot be upheld.").

[1] The Commission issued its decision in *Leachco* after Amazon filed its final brief on November 5, 2025. *See* ECF No. 25.

*Leachco* involved an administrative proceeding in which the Commission sought a determination that an infant lounger manufactured by Leachco, Inc. posed a substantial product hazard and requested a remedial order under Section 15 of the Consumer Product Safety Act, 15 U.S.C. § 2064(c), (d). Ex. 1 at 1. The Administrative Law Judge issued an Initial Decision dismissing the complaint. *Id.* While the appeal of the Initial Decision was pending before the Commission, the Commission determined that "it [was] no longer in the public interest to continue pursuing this administrative proceeding" and remanded with instructions to close the case "in the exercise of the Commission's enforcement discretion." *Id.* at 1, 7, 8 n.2.

The Commission's decision to dismiss the *Leachco* proceeding cannot be reconciled with its reasoning in the Final Order, in several respects. *First*, in *Leachco*, the Commission concluded that "the likely effectiveness of a notice-and-refund remedy" was "substantially limit[ed]" by the four-year duration since the company last sold the products. *Id.* at 2, 6. But here, the Commission reached the opposite conclusion, even though the Subject Products were last sold on Amazon.com in 2021—four years before the Commission's Final Order. *See* ECF No. 48-4 at 8–9 n.7; ECF No. 48-2 at 12.

*Second*, the Final Order in this case relied on the very kind of speculation about the existence of secondary purchasers that *Leachco* rejected. In *Leachco*, the Commission explained that "[g]iven the passage of time . . . the Commission cannot determine with confidence how many [relevant products] remain in circulation or available on the secondary market." Ex. 1 at 6. Here, the Final Order cited no evidence that secondary purchasers existed or that the Subject Products remained in use years after they were last sold. Yet it rationalized ordering Amazon to issue a new round of notice based on the hypothetical possibility that consumers who obtained the Subject

Products on the secondary market "may still" have the products and "still may be" uninformed about the potential hazards. ECF No. 48-4 at 42; ECF No. 48-2 at 48.

*Third*, the Commission's reasoning in *Leachco* contradicts the Commission's decision to disregard the original notice that Amazon provided to consumers. In *Leachco*, the Commission "issued a prominent warning to the public to immediately stop using" the products years earlier. Ex. 1 at 6–7. Relying on that prior notice, the Commission determined that ordering additional notice would provide an "unknown public safety benefit." *Id.* In contrast, here the Commission ordered Amazon to provide additional notice years later, even though Amazon issued two forms of direct notice to every purchaser of the Subject Products when it ceased selling the product. *See* ECF No. 48-4 at 2–3; ECF No. 48-3 at 3. That mandate is particularly unjustified given that Commission regulations recognize that Amazon's direct notice is "the most effective form of a recall notice," 16 C.F.R. § 1115.26(a)(4), and is more likely to reach the relevant audience than the kind of broad public notice that the Commission issued in *Leachco*, *see* 74 Fed. Reg. 11,883, 11,884 (Mar. 20, 2009).

*Finally*, the Commission noted that "[i]ntervening regulatory developments"—namely, the agency's promulgation of new federal safety standards—addressed the "risks identified in the administrative complaint." Ex. 1 at 5. Those conclusions cannot be reconciled with the Commission's decision to pursue a selective mandatory recall suit against Amazon rather than promulgate a rule applicable to online marketplaces where the classification of such marketplaces was concededly unclear.

The Commission's recent decision in *Leachco* underscores the extent to which the Final Order departs from the Commission's reasoning in other cases and is thus arbitrary and capricious. Amazon's motion for summary judgment should be granted.

Dated: October 2, 2026

Respectfully submitted,

/s/ Kevin F. King
Kevin F. King (D. Md. Bar No. 29548)
Sarah L. Wilson*
Stephen P. Anthony (D. Md. Bar No. 14854)
Thomas R. Brugato*
Matthew J. Glover*
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Tel.: 202-662-5488
Fax: 202-778-5488
swilson@cov.com
kking@cov.com
santhony@cov.com
tbrugato@cov.com
mglover@cov.com

Jamie Dominique U. Magcale*
COVINGTON & BURLING LLP
30 Hudson Yards
New York, NY 10001-2170
Tel.: 212-841-1243
Fax: 646-441-9243
jmagcale@cov.com

*Attorneys for Plaintiff*

* Admitted *pro hac vice*