**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| AMAZON.COM, INC.,<br><br>Plaintiff,<br><br>v.<br><br>CONSUMER PRODUCT SAFETY COMMISSION *et al.*,<br><br>Defendants. | Civil Action No. 8:25-cv-00853-LKG |

**Defendants' Response to Plaintiff's Notice of Supplemental Authority**

On October 2, 2026, Amazon.com, Inc. filed a Notice of Supplemental Authority regarding the Commission's Order in an unrelated action involving a different party and different product in *In re Leachco, Inc.*, CPSC Docket No. 22-1 (Mar. 16, 2026) (filed at ECF No. 50-1 ("*Leachco*")). Contrary to Amazon's argument, that Order, issued nearly seven months ago, does not show that the Commission's Final Order in this proceeding was arbitrary and capricious.

*Leachco* did "not constitute a determination on the merits" but instead involved "the Commission's exercise of its enforcement discretion based on the particular circumstances" of that case. *Leachco* at 7. There, a CPSC administrative complaint alleged that the Podster, a small cushioned infant support pillow, was defective and sought an order requiring Leachco to provide notice and a refund to purchasers. *Id*. at 2. The administrative law judge issued an initial decision finding that the evidence did not establish a defect or a substantial risk of injury, and therefore declined to impose any remedies. *Id*. at 3. While the initial decision was on appeal to the Commission, the Commission issued a final rule establishing a comprehensive federal mandatory safety standard for infant support cushions that would regulate products like the Podster. *Id*.

In its decision, the Commission explained that it "cannot act against each technical

violation of the statute" and therefore "must prioritize agency resources to maximize the public safety impact of its enforcement efforts." *Id.* at 5 (quoting in part *Heckler v. Chaney*, 470 U.S. 821, 831 (1985)). After "weigh[ing] the costs" and the "public safety benefit of continuing to pursue" claims related to Leachco's Podster in light of the new federal mandatory safety standard, the Commission "reassess[ed] its priorities" and decided to "redeploy agency resources to higher-impact enforcement efforts." *Id.* at 5, 7. The Commission's exercise of its enforcement discretion in *Leachco* has no bearing on whether the Final Order here was reasonable.

Moreover, there are three critical differences between the facts in *Leachco* and the facts here. *First*, *Leacho* involved "[i]ntervening regulatory developments"—the Commission's new mandatory safety standard that imposed "requirements intended to address the very types of suffocation and asphyxiation risks identified in the administrative complaint." *Id.* at 5; *see id.* at 6. Rather than continue to pursue claims initiated during an earlier regulatory regime, the Commission found that "agency resources are best spent on other enforcement priorities," such as "enforcement of the new federal standard." *Id.* at 5, 7.

Here, by contrast, the applicable safety standards and relevant statutory provisions were in place well before Amazon distributed any of the Subject Products. *See* AR11766–68. *Leachco* also does not support Amazon's new argument—absent from its summary judgment papers—that the Commission needed to promulgate a rule rather than pursue enforcement against Amazon. ECF No. 50, at 3. It is well-established that "[a]gencies have authority to establish legal standards 'by general rule or by individual, ad hoc litigation.'" *Hoopa Valley Tribe v. FERC*, 629 F.3d 209, 212 (D.C. Cir. 2010) (quoting *SEC v. Chenery Corp.*, 332 U.S. 194, 203 (1947)).

*Second*, in finding the "potential public safety impact" of a remedial order in *Leachco* to be "unclear," the Commission noted that the Podster was sold across a 14-year period starting in

2009 and "intended for use only with infants during their first few months of life." *Leachco* at 6. Thus, the Commission questioned whether "there is a substantial population of original purchasers who are actively using the product" and whether original purchasers or current consumers of the Podster "could be easily identified and contacted" about a defect or remedy. *Id.*

Again, this case is starkly different. Amazon distributed all the Subject Products within a four-year span from 2018 to 2021, *see* AR17349, and the Subject Products were intended to be used for far longer than Leacho's Podster, *see* Defs.' Mem. 25–26, ECF No. 24-1. For instance, it is far more likely consumers are still using carbon monoxide detectors and hair dryers distributed by Amazon between 2018 and 2021 than they are infant loungers purchased from Leachco as far back as 2009. Also, unlike Leachco, Amazon says it can contact all the original purchasers of the Subject Products, *see, e.g.*, ECF No. 50, at 3, which increases the potential impact of remedial notices. And contrary to Amazon's claim that "the Final Order cited no evidence that secondary purchasers existed," ECF No. 50, at 2, the Final Order cited "evidence [of] a resale market" based on Amazon's "acknowledgement that it resold" some of the Subject Products, *see* Defs.' Mem. 25–26; Defs.' Reply 12–13, ECF No. 41.

*Third*, the administrative law judge in *Leachco* "declined to find a substantial product hazard," *Leachco* at 3, whereas Amazon does not dispute that the Subject Products present such a hazard, *see* Defs.' Reply 17.

In sum, the Commission exercised enforcement discretion in *Leachco* based on a careful consideration of the unique facts and circumstances of that case, including the new safety standard that applied to products like Leachco's Podster. The Final Order here addressed very different facts and, as explained in Defendants' briefs, was lawful and reasonable. The Court should grant Defendants' cross-motion for summary judgment and deny Amazon's motion.

Dated: October 9, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

JAMES W. HARLOW
Acting Assistant Director

*/s/ David H. Hixson*
ISAAC C. BELFER (D.C. Bar No. 1014909)
DAVID H. HIXSON (Ill. Bar No. 6289751)
Trial Attorneys
Federal Programs Branch
Civil Division
U.S. Department of Justice
1100 L Street, NW
Washington, DC 20005
(202) 305-7134 (Belfer)
(202) 449-8070 (Hixson)
Isaac.C.Belfer@usdoj.gov
David.H.Hixson@usdoj.gov

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the CM/ECF system, will be sent via electronic mail to the registered participants as identified on the Notice of Electronic Filing.

October 9, 2026

*/s/ David H. Hixson*
DAVID H. HIXSON